RONALD L. RICHMAN (SBN 139189)
C. TODD NORRIS (SBN 181337)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA  94104-4146
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:     ron.richman@bullivant.com
            todd.norris@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>CLS CONSTRUCTORS, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR MANDATORY INJUNCTION**<br><br>**[29 U.S.C. § 185(a) and 29 U.S.C. §§ 1109, 1132(G)(2), 114]** |

Now comes the plaintiffs, hereinabove named, and for their causes of action against defendant, allege as follows:

### I. JURISDICTION

1.  This is an action for damages for breach of the collective bargaining agreement described below; for recovery of unpaid trust fund contributions; and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. § 185

– 1 –

(§ 301 of the Labor Management Relations Act of 1947, as amended ("LMRA")) and 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA")).  The suit arises from the failure of defendant CLS Constructors, Inc. to make trust fund contributions as required by the collective bargaining agreement, by the written trust agreements and by provisions of federal law.

## II. VENUE

2.   Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), contributions are made to, and benefits paid from, a corporate co-trustee bank in the Northern District of California.

## III. PARTIES

3.   The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California (collectively, the "Trust Funds" or "plaintiffs") are the plaintiffs herein.  The Trust Funds are organized under and pursuant to the provisions of §§ 302(c)(5) and 302(c)(6) of the LMRA (29 U.S.C. §§ 186(c)(5) and 186(c)(6)).  The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern California.  The Trust Funds are employee benefit plans created by written trust agreements subject and pursuant to §§ 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).  The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

4.   Each of the Trust Funds is a third party beneficiary of the collective bargaining agreement described below.

5.   At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to § 302 of the LMRA (29 U.S.C.§ 186) and a multi-employer benefit plan within the meaning of §§ 3 and 4 of ERISA (29 U.S.C. §§ 1002 and 1003).

6. The Trust Funds provide a variety of benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7. Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant CLS Constructors, Inc. was and is a California corporation with its principal place of business located in Grand Terrace, California. Plaintiffs are further informed and believe, and upon that ground allege, that at all times material hereto, defendant CLS Constructors, Inc. was an employer within the meaning of § 3(5) and § 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

## IV. FIRST CLAIM FOR RELIEF
## BREACH OF COLLECTIVE BARGAINING AGREEMENT

8. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 – 7 of this Complaint.

9. On or about November 2, 2017, CLS Constructors, Inc. entered into a Memorandum Agreement with the Northern California District Council of Laborers and pursuant to the Memorandum Agreement, became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement for Northern California ("Master Agreement"). In agreeing to be bound to the Master Agreement, defendant agreed to be subject to and bound by all provisions and conditions of the written trust agreements which established the trust funds. Pursuant to the provisions of the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

10. By virtue of the Master Agreement and written trust agreements, defendant promised and agreed that: (1) it would pay employee fringe benefit contributions into each

Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against them, it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11. The Master Agreement between the Laborers Union and CLS Constructors, Inc. has never been terminated.

12. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

13. Within the last four years, defendant materially breached and broke the aforesaid Master Agreement and trust agreements in the following respects:

    a. By reporting, but failing to pay all employee fringe benefit contributions (reported, not paid) for the periods November and December 2017 in the principal amount of $17,333.12; and

    b. By failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions (reported, not paid) for the periods November and December 2017 in amounts to be proven at trial.

14. The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: (a) for unpaid contributions (reported, not paid) in the principal amount of $17,333.12; and (b) for interest and liquidated damages on said unpaid contributions (reported, not paid) in amounts to be proven at trial.

Interest will continue to accrue on these amounts at the rate of 1.5% each month during the pendency of this lawsuit.

15. Prior to filing suit, plaintiffs made demand on defendant to make immediate payment of the unpaid contributions, liquidated damages and interest. As of the date of this complaint, defendant has failed and refused to make payment of all unpaid contributions, liquidated damages and interest.

16. Plaintiffs have incurred and will continue to incur attorneys' fees and costs in the within action. Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V. SECOND CLAIM FOR RELIEF
## RECOVERY OF UNPAID TRUST FUND CONTRIBUTIONS
## (ERISA §§ 502(g)(2), 515)

17. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 – 16 of this Complaint.

18. ERISA section 515, 29 U.S.C. § 1145, requires defendant to make such contributions to the plaintiffs Trust Funds as are required under the terms of their collective bargaining agreement with the Union. Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendant's obligations to make those contributions.

19. Defendant reported, but failed to pay, all employee fringe benefit contributions (reported, not paid) for the periods of November and December 2017 in the principal amount of $17,333.12. Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

///

///

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR MANDATORY INJUNCTION

20. Pursuant to the provisions of ERISA, section 502(g)(2), 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to the following statutory relief:

    a. Section 502(g)(2)(A): for unpaid contributions (reported, not paid) for the periods of November and December 2017, in the principal amount of $17,333.12, and according to proof at trial;

    b. Section 502(g)(2)(B): for unpaid contributions (reported and not paid), an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, presently calculated to be $1,406.28 as of June 29, 2018, and according to proof at trial; and

    c. Section (g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendants failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, presently calculated to be a minimum of $1,406.28 as of June 29, 2018, and according to proof at trial.

21. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## VI. <u>THIRD CLAIM FOR RELIEF</u>

### MANDATORY INJUNCTION

### (ERISA § 502(g)(2)(E))

22. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 – 21 of this Complaint.

23. Pursuant to the terms and conditions of the Master Agreement and Trust Agreements, defendant CLS Constructors, Inc. is required to allow the Trust Funds access to its books and records to determine the amount of trust fund contributions due and owing. Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made. The purposes of the respective funds are to provide health and welfare, vacation, pension and other benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

24. Pursuant to ERISA section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein. Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendant CLS Constructors, Inc. Lopeto permit plaintiffs' auditor access to its books and records in order to permit plaintiffs to verify the precise amounts owed by defendant to the Trust Funds, for the period of November 2017 through the last completed quarter prior to entry of judgment.

25. Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy in that an audit of the books and records of defendant CLS Constructors, Inc. is the only means to accurately verify the additional amounts owed by defendant to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as follows.

///
///
///
///
///

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR MANDATORY INJUNCTION

## VII. RELIEF REQUESTED

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant as follows:

   a. For unpaid contributions (reported, not paid), in the principal amount of $17,333.12. plus interest and liquidated damages in an amount to be proven at trial;

   b. For such other or further amounts (not reported, not paid), including unpaid contributions, liquidated damages and interest, as may be shown at trial and as may be discovered after plaintiffs have had the opportunity to conduct an audit of defendant CLS Constructors, Inc.'s books and records; and

   c. For costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2. On the Second Claim for Relief, for recovery under ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), for judgment against defendants as follows:

   a. Under section 502(g)(2)(A): for unpaid contributions (reported, not paid) in the principal amount of $17,333.12, plus interest and liquidated damages in an amount according to proof at trial;

   b. Under Section 502(g)(2)(B): for an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, presently calculated to be a minimum of $1,406.28 as of June 29, 2018;

   c. Under section 502(g)(2)(C): for an additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendants failed to timely report and pay all employee fringe benefit contributions into each Trust

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR MANDATORY INJUNCTION

1        Funds, presently calculated to be a minimum of $1,406.28 as of

2        June 29, 2018; and

3    d. For such other or further amounts (amounts not reported, not paid, plus

4        liquidated damages and interest) as may be shown at trial and as may be

5        discovered after plaintiffs have had the opportunity to conduct an audit of

6        defendant CLS Constructor's books and records, for costs of suit,

7        attorneys' fees and for such other further relief as the Court may deem

8        just and proper.

9   3. On the Third Claim for Relief, that defendant CLS Constructors, Inc. be

10 compelled to forthwith submit to an audit by an auditor selected by plaintiffs, which audit is to

11 be conducted at the premises of defendant during business hours, at a reasonable time or times,

12 and to allow said auditor to examine and copy such books, records, papers and reports of

13 defendant CLS Constructors, Inc. that are relevant to the enforcement of the collective

14 bargaining agreement and trust agreements, including, but not limited to, the following for the

15 period of November 2017 through the present:

16    Individual Earnings Records (Compensation/Payroll); W-2/W-3 Forms; 1096 and 1099 Forms; Reporting Forms for all Trust
17    Funds; State DE-7, DE-6, DE-9, DE-9C Tax Reports; Worker's Compensation Insurance Monthly Reports; Sub-Contractor
18    Invoices; Employee Timecards; Payroll Journal; Quarterly Payroll Tax Returns/Form 941; Check Register and Supporting Cash
19    Vouchers; Form 1120/1040 or Partnership Tax Returns; General Ledger (portions relating to payroll); and any other records
20    necessary to determine if all hours audited have been paid to any Trust Fund.

21

22 DATED: August 14, 2018

23            BULLIVANT HOUSER BAILEY PC

24

25          By */s/ C. Todd Norris*
           Ronald L. Richman
26           C. Todd Norris

27           Attorneys for Plaintiffs

28 4811-2401-3167.1 29512/00288

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR MANDATORY INJUNCTION